IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONNIE FAGAN, # 129856, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:19-CV-151-WHA-SMD |
| PATRICE RICHIE, | ) | (WO) |
| | ) | |
| Respondent. | ) | |

**ORDER**

This case is before the court on the April 5, 2019 Recommendation of the Magistrate Judge (Doc. #4) and the Petitioner's Objection thereto (Doc. #5).

Following an independent evaluation and *de novo* review of the file, the court finds the Objection to be without merit and due to be overruled.

The Magistrate Judge's Recommendation found that Petitioner's self-styled petition for habeas corpus relief under 28 U.S.C. § 2241 should be treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254 because Petitioner presents claims challenging his 1981 Lawrence County, Alabama rape conviction and the resulting 50-year sentence pursuant to which he is confined. *See* Doc. # 4 at 1–2. Because the records and witnesses relating to Petitioner's conviction are likely located in the Northern District of Alabama, where Lawrence County is located, the Recommendation found that the furtherance of justice and judicial economy would be best served by transferring Petitioner's case to the United States District Court for the Northern District of Alabama for review and disposition. Doc. # 4 at 2–3; *see* 28 U.S.C. § 2241(d).

In his Objection, as he did in his petition, Petitioner argues that he is a "pretrial detainee" whose petition should be treated as one for habeas relief under § 2241 because, he says, his 1981 rape conviction was void from its inception, meaning, he says, that he is not lawfully in custody under a state court judgment. Doc. # 5 at 1–3; *see* Doc. # 1. Because he is incarcerated at Bullock Correctional Facility in Union Springs in the Middle District of Alabama, Petitioner argues that his self-styled § 2241 petition is properly heard only by this court. Petitioner maintains that it is necessary for this court to resolve his "Fair Trial/*Perez* Doctrine claim"[1] to determine the lawfulness of his custody. Doc. # 5 at 2; *see* Doc. # 1 at 2 & 8–9. But as correctly noted in the Magistrate Judge's Recommendation, Petitioner is not a pretrial detainee. He is in custody pursuant to the very state court judgment he attacks through his petition. His remedy for testing the legality of that judgement—his rape conviction and sentence—is through § 2254, not § 2241.

The preferred venue for a § 2254 petition is the federal district court in the jurisdiction of the state court of conviction. Therefore, the Magistrate Judge's Recommendation correctly found that the furtherance of justice and judicial economy would be best served by transferring Petitioner's case to the United States District Court for the Northern District of Alabama for review and disposition.

---

[1] Petitioner argues that the trial court deprived him of counsel and an opportunity to object to the discharge of an allegedly hung jury during his first trial for rape in 1981. Doc. 1 at 2–4 & 7–9 (citing *United States v. Perez*, 22 U.S. 579, 580 (1824)) (holding a trial court must use "the greatest caution" when exercising its "sound discretion" to declare a mistrial based on jury's inability to agree on verdict). According to Petitioner, double jeopardy barred the second 1981 trial resulting in the rape conviction for which he now is incarcerated. *Id.*

Accordingly, Petitioner's Objection (Doc. # 5) is OVERRULED, the court ADOPTS the Recommendation of the Magistrate Judge (Doc. # 4), and it is ORDERED that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. 2241(d);

To the extent Petitioner requests relief under Rule 60(b)(4) of the Federal Rules of Civil Procedure, his motion for relief under Rule 60(b)(4) (Doc. # 5) lacks merit and is DENIED.

DONE this 19th day of June, 2019.

/s/ W. Harold Albritton III
W. HAROLD ALBRITTON III
SENIOR UNTIED STATE DISTRICT JUDGE