FILED
2019 Oct-02 AM 10:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| RONNIE FAGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 5:19-cv-00939-KOB-SGC |
| ) | |
| WARDEN PATRICE RICHE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

Ronnie Fagan, an Alabama state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). On July 30, 2019, the magistrate judge entered a report recommending this action be dismissed without prejudice for lack of jurisdiction because it is an unauthorized, successive petition under 28 U.S.C. § 2244(b)(3)(A). (Doc. 11). Fagan filed timely objections to the magistrate judge's report and recommendation. (Doc. 14).

In his objections, Fagan restates his claims that: (1) he was denied counsel during his initial criminal trial; and (2) his subsequent conviction after a second trial constituted double jeopardy and should be set aside. (*Id*.). He further claims, without any authority, that "a denial of counsel . . . cannot be time barred." But, Fagan does not address the magistrate judge's findings that his petition is successive under 28 U.S.C. § 2244(b)(3)(A) and that he failed to obtain leave from the Eleventh Circuit before filing a second or successive petition in this court. *See Magwood v.*

*Patterson*, 561 U.S. 320, 330-31 (2010) (A petitioner "must obtain leave from the court of appeals before filing it with the district court.") (citing 28 U.S.C. § 2244(b)(3)(A)). So, the court **OVERRULES** Fagan's objections.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections to it, the court **ADOPTS** the magistrate judge's findings and **ACCEPTS** the recommendation. Fagan's petition for a writ of habeas corpus is due to be dismissed without prejudice for lack of jurisdiction because he has not received authorization from the Eleventh Circuit to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A). Additionally, a certificate of appealability is due to be denied.

The court will enter a separate Final Order.

DONE and ORDERED this 2nd day of October, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE